## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 7:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Brown Tompkins Lory & Mastrian
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Clark, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 21, 2016 <br><br> Court of Appeals Case No. 33A04-1605-CR-974 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane, Judge <br><br> Trial Court Cause No. 33C02-1411-FB-21 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Christopher Clark pled guilty to causing the death of his son and the serious bodily injury of his daughter while operating a vehicle with marijuana in his system. The trial court sentenced him to serve seven years in prison followed by one year of probation. On appeal, Clark argues that the trial court erred by failing to find certain mitigating factors and that his sentence is inappropriate and should be reduced under Indiana Appellate Rule 7(B). We affirm.

# Facts and Procedural History

[2] In April 2013, Clark was driving with his two-year-old son and his six-year-old daughter when he failed to yield the right-of-way at an intersection and collided with a van, resulting in the death of his son and serious injuries to his daughter. The investigation of the incident revealed that Clark's blood contained 3.0 ng/mL of THC and 34 ng/mL of THCA, two chemicals found in marijuana.

[3] The State charged Clark with two counts of operating a vehicle with a schedule I controlled substance in his body, one a Class B felony for causing death, *see* Ind. Code Ann. § 9-30-5-5(b)(2) (West 2012), and the other a Class D felony for causing serious bodily injury, *see* Ind. Code Ann. § 9-30-5-4(a)(2) (West 2012). The Class B felony carried with it a sentencing range of six to twenty years and an advisory sentence of ten years, *see* Ind. Code Ann. § 35-50-2-5 (West 2012), and the Class D felony a range of six months to three years with an advisory sentence of one-and-a-half years, *see* Ind. Code Ann. § 35-50-2-7 (West 2012).

Facing up to twenty-three years in prison, Clark entered into a plea agreement that (1) capped his sentence on the death count at eight years and (2) provided that his sentence on the serious-bodily-injury count would run concurrent with the sentence on the death count but (3) otherwise left sentencing to the discretion of the trial court.

[4] In sentencing Clark, the trial court found two aggravating factors—Clark's victims were less than twelve years old and were in Clark's care, custody, or control. It also found one mitigating factor—Clark had no history of delinquency or criminal activity. With those factors in mind, the court sentenced Clark to eight years with one year suspended to probation on the death count and a concurrent term of two years on the serious-bodily-injury count. The court ordered that Clark serve his seven years in the Department of Correction ("DOC").

[5] Clark now appeals his sentence.

# Discussion and Decision

[6] Clark contends that the trial court should have found additional mitigating factors and, in the alternative, that his sentence is inappropriate and should be reduced pursuant to Indiana Appellate Rule 7(B).

## I. Mitigating Factors

[7] Clark asked the trial court to find six mitigating factors, but the court found only one: Clark's lack of criminal history. He argues that the court erred by not

finding the other five. Our trial courts enjoy broad discretion in finding mitigating (and aggravating) factors, and we will reverse only for an abuse of that discretion. *Coy v. State*, 999 N.E.2d 937, 946 (Ind. Ct. App. 2013). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*[1]

[8] Clark first asserts that the trial court should have found that his crime was the result of circumstances unlikely to recur and that he is unlikely to commit another crime. *See* Ind. Code § 35-38-1-7.1(b)(2), (8). The trial court considered these mitigators but rejected them because of Clark's admission that he continued to use marijuana after this incident and Clark's "troubling" driving record, which includes eleven traffic citations from both before and after the incident. Tr. p. 50. The trial court acted well within its discretion in this respect.

[9] Next, Clark argues that the trial court should have assigned mitigating weight to the fact that he paid $1100 in restitution to his son's mother at the sentencing hearing. *See* I.C. § 35-38-1-7.1(b)(9). In rejecting this mitigator, the court noted that the total restitution to be paid was $3496.47, meaning that Clark was

---

[1] Clark also purports to challenge the weight that the trial court assigned to the aggravators and the mitigator that it **did** find. However, our Supreme Court has made clear that a trial court's weighing of aggravators and mitigators is no longer subject to review for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007); *see also Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009).

paying only about a third of what he owed. While a third is certainly better than nothing, we cannot say that the trial court abused its discretion in this regard.

[10]    We do think the trial court probably should have accepted Clark's other two proposed mitigators. First, Clark's imprisonment will "result in undue hardship" to his daughter. *See* I.C. § 35-38-1-7.1(b)(10). The daughter's mother testified that Clark's relationship with their daughter "has become unimaginable" since the incident, that "[t]hey share something none of us can quite understand because we were not in that accident with them," and that their daughter "turns to her daddy for strength when she's having a bad day or night." Tr. p. 37. She also testified that Clark "works six (6) days a week with overtime" and is their "sole financial provider." *Id.* Second, the probation department wrote in its pre-sentence investigation report that Clark is "likely to respond affirmatively to probation or short term imprisonment." *See* I.C. § 35-38-1-7.1(b)(7). The State did not argue against this mitigator at sentencing, and the trial court did not provide an explanation for rejecting it.

[11]    That said, we will remand for resentencing only if "we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Here, we are entirely confident that the trial court would have imposed the same sentence even if it had found all of the mitigators proposed by Clark. Significant mitigation was built into the plea agreement. The eight-year cap was well below the potential maximum sentence of twenty-three years

and also below the ten-year advisory sentence for the death count.  There is nothing in the record before us suggesting that the trial court would choose a different sentence on remand, even in light of additional mitigators.

# II.  Appropriateness

Clark also asks us to exercise our authority under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).  Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate.  *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).  Clark has not met that burden in this case.

Clark focuses on the nature of his offense, noting that the amount of THC and THCA in his blood at the time of the collision was small, that there is no evidence that he was impaired at the time, and that the loss of his son and the injuries to his daughter have caused and will continue to cause him a great

amount of personal suffering beyond any sentence imposed.[2] But even if we accept all of these things as true, they do not justify a sentence reduction. Again, Clark's sentence was capped well below his total exposure of twenty-three years and also below the ten-year advisory sentence on the death count, and the trial court ultimately ordered him to serve seven years, just one year more than the minimum sentence under the plea agreement. Given that Clark's victims were, as the trial court emphasized, his own young children who were helpless to protect themselves, a sentence slightly longer than the minimum is by no means inappropriate.

[14] As for Clark's argument that he should serve his time on home detention, work release, or community corrections instead of in the DOC, we first note that our trial courts are in a far better position than this Court to determine the feasibility and appropriateness of particular placements in particular communities. *See King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Moreover, the issue for us is whether the chosen placement is inappropriate, not whether an alternative placement would be "more appropriate." *Id.*

[15] In light of Clark's failure to properly care for his children, and the tragic consequences of that failure, we cannot say that requiring him to serve his near-

---

[2] There is evidence that Clark was sending and receiving text messages in the minutes leading up to the collision, a fact on which the State places a great deal of emphasis. We agree with the State that texting-and-driving is disturbing behavior. However, the State has not directed us to any evidence that Clark was driving when he was texting, let alone evidence that he was using or looking at his phone as he approached or entered the intersection. Perhaps for these reasons, the trial court did not mention the texting when imposing Clark's sentence.

minimum sentence in prison is inappropriate. The purpose of Rule 7(B) review is to "leaven the outliers." *Cardwell*, 895 N.E.2d at 1225. The sentence imposed here is not an outlier.

[16] Affirmed.

Bradford, J., and Brown, J., concur.